989 F.2d 491
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: AIR OPERATIONS INTERNATIONAL, INCORPORATED, Debtor.
Alberto GACHARNA; Alberto Gacharna, d/b/a Brackett Aircraft
Radio, Plaintiffs-Appellants,
v.
AERO MERCANTIL, S.A.; Aero Occidente, LTDA., Claimants-Appellees,
and
AIR OPERATIONS INTERNATIONAL, INCORPORATED; Michael Degni,
Defendants.
 No. 92-1896
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 3, 1993
Decided: March 29, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge. (CA-89-315-C-C-M, CA-89-459-C-C-M)
 Argued: Walter Joseph Tribbey, III, The Law Office of Walter Tribbey, Ontario, California, for Appellants.
 S. Lee Storesund, Marietta, Georgia, for Appellees.
 W.D.N.C.
 AFFIRMED.
 Before HAMILTON and WILLIAMS, Circuit Judges, MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Alberto Gacharna appeals from the affirmance by the district court of the bankruptcy court's order dissolving a writ of attachment on two airplanes. We affirm.
 
 
 2
 * Alberto Gacharna brought an action for breach of contract in California against Air Operations International, Inc. (AOI). The district court in California concluded that AOI is a foreign corporation and issued a pre-judgment writ of attachment against a list of specific property presented by Gacharna's attorney. No property was attached in California, but Gacharna did obtain a "writ of execution" from a Florida district court against two aircraft: a Piper Aerostar and a Cessna.
 
 
 3
 Because AOI filed for bankruptcy in North Carolina, the California and Florida actions were transferred to North Carolina for resolution. Aero Mercantil and Aero Occidente intervened as claimants, arguing that AOI only had title for purposes of ferrying the planes and that Aero Mercantil and Aero Occidente, respectively, were the actual owners of the Piper Aerostar and Cessna.
 
 
 4
 The key question before the bankruptcy court was whether Aero Mercantil and Aero Occidente could assert ownership in the planes even though that interest had not been registered with the Federal Aviation Administration (FAA). See 49 U.S.C. App. § 1403(c) (1988) (necessity of registration in order for interest to be valid). Relying on the Eighth Circuit's opinion in Compass Insurance Co. v. Moore, 806 F.2d 796, 799 (8th Cir. 1986), the bankruptcy court concluded that the FAA registry did not protect third-party judgment debtors who never relied upon the registry. The court found that AOI held bare legal title because of the registration with the FAA but that Aero Mercantil and Aero Occidente were the equitable owners of the planes. Thus, AOI held no interest in the planes against which Gacharna could enforce his lien. Accordingly, the bankruptcy court dissolved the writ of attachment. The district court affirmed and Gacharna appealed.
 
 II
 
 5
 Initially, we address a challenge that AOI makes to this court's jurisdiction. AOI represents that at least one of the planes has been sold and removed from the territorial jurisdiction of this court following the judgment of the district court. AOI contends that removal of the plane defeats this court's in rem jurisdiction.
 
 
 6
 AOI relies on United States v. One Lear Jet Aircraft, 836 F.2d 1571 (11th Cir.), cert. denied, 487 U.S. 1204 (1988). The Supreme Court expressly rejected the holding of One Lear Jet Aircraft in Republic National Bank v. United States, 113 S. Ct. 554, 559-60 (1992), holding that "in an in rem forfeiture action, the Court of Appeals is not divested of jurisdiction by the prevailing party's transfer of the res from the District." Under Republic National Bank, therefore, this court retains jurisdiction to decide this appeal.
 
 
 7
 After thorough consideration of the record, the opinions of the bankruptcy court and district court, and the arguments of counsel, we conclude that this appeal is without merit and affirm on the reasoning of the bankruptcy court as adopted by the district court. Gacharna v. Air Operations Int'l, Inc. (In re Air Operations Int'l, Inc.), 97 Bankr. 843 (Bankr. W.D.N.C. 1989) (forfeiture of Piper Aerostar), later proceeding, No. C-B-88-0835, Adv. No. 88-1989 (Bankr. W.D.N.C. Nov. 9, 1989) (forfeiture of Cessna aircraft); aff'd, No. C-C-89-315M (W.D.N.C. June 30, 1992) (affirming both bankruptcy court orders).
 
 AFFIRMED